UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
JERRY DAVIS, a/k/a GERALD MONROE, :
:
:
Petitioner, : NOT FOR PUBLICATION
: **MEMORANDUM & ORDER**
v. : 07 CV 2511 (MKB)
:
:
DARWIN LACLAIR, Superintendent, :
Great Meadow Correctional Facility, :
:
Respondent. :
:
-----------------------------------------------------------------x

BRODIE, United States District Judge:

    Petitioner Jerry Davis, also known as Gerald Moore, brings the above-captioned habeas corpus petition pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claim arises from a judgment of conviction after a jury trial for robbery in the first degree in the New York Supreme Court, Kings County. Petitioner was sentenced as a persistent felony offender to 15 years to life imprisonment. Petitioner appealed his conviction to the New York Appellate Division, Second Department, claiming that (1) the prosecutor's summation denied Petitioner his due process right to a fair trial; and (2) Petitioner's sentencing as a persistent felony offender was in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Appellate Division rejected Petitioner's claims and affirmed his conviction. *People v. Davis*, 812 N.Y.S.2d 890 (App. Div. 2006). The New York Court of Appeals denied leave to appeal. *People v. Davis*, 6 N.Y.3d 893 (2006). Petitioner asserts only one ground for relief in the instant application—that the state court

1

unreasonably applied federal law in affirming his sentence as a persistent felony offender. For the reasons set forth below, the petition is denied.

## I. Background

The evidence at trial established that on April 27, 2002, Petitioner approached a man with a knife and demanded his money and his jewelry. (Pet. 3.) Petitioner then took the man's watch and tried to stab him. (Resp. Opp. 2.) On May 8, 2002, Petitioner was charged in an indictment with robbery in the first degree, robbery in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree. *Id.* Petitioner was convicted of first-degree robbery after a jury trial. The People then moved for a hearing to determine whether Petitioner should be sentenced as a persistent felony offender. (Pet. 4.) Petitioner was convicted in 1990 of second-degree attempted robbery, a class D felony, and in 1998 of two counts of first-degree criminal contempt, class B felonies. *Id.*

At the pre-sentence hearing on January 23, 2003, Petitioner's counsel conceded Petitioner's prior felonies but argued that the People had failed to prove that Petitioner's "criminal history, his character, [and] the nature of his prior convictions" warranted a sentence as a persistent felony offender. (Pet. Ex. E ("Pre-Sentence Hearing") at 3.) In addition to arguing that Petitioner's prior convictions were generally non-violent offenses, Petitioner's counsel argued that the trial court should consider mitigating circumstances, including Petitioner's remorse and his ties to his family. *Id.* at 4-6. At the sentencing hearing, the trial court first found that Petitioner had previously been convicted of two felonies and was a persistent felony offender. (Pet. Ex. G ("Sentencing Hearing") at 6). The trial court next concluded that based on "the history and character of the defendant and the nature and circumstances of his criminal

conduct . . . extended incarceration in [*sic*] lifetime supervision are warranted to best serve the public interest" and stated its reasons for that conclusion on the record. *Id.* at 7-13. The court imposed a sentence of 15 years to life. *Id.* at 15.

Petitioner appealed his conviction to the Appellate Division, raising a constitutional challenge to the persistent felony offender statute, as well as a claim alleging prosecutorial misconduct in the People's summation. The Appellate Division held that Petitioner's claims were unpreserved, and, regardless, without merit.[1] *People v. Davis*, 812 N.Y.S.2d 890 (App. Div. 2006). The New York Court of Appeals denied Petitioner's leave application. *People v. Davis*, 6 N.Y.3d 893 (2006). Petitioner has therefore exhausted his state court remedies. *See* 28 U.S.C. § 2254 (b)(1) ("An application for habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State.").

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the

---

[1] Petitioner's claim is not procedurally barred. Although federal habeas review is not permitted where "the state court explicitly invokes a state procedural bar rule as a separate basis for decision," *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir.1990), federal habeas review is permitted of an unpreserved *Apprendi* challenge to the persistent felony offender statute because such a challenge is "interwoven" with federal law. *Brown v. Miller*, 451 F.3d 54, 57 (2d Cir. 2006).

merits, is either "contrary to, or involved an unreasonable application of, clearly established federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For the purposes of federal habeas review, "clearly established law" is defined as the "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412-13. In order to establish that a state court decision is an unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The decision must be "objectively unreasonable." *Id.* In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. Persistent Felony Offender Statute

Petitioner's sole claim is that the state unreasonably applied federal law, specifically *Apprendi* and its progeny, by affirming his sentence under New York's persistent felony offender statute. (Pet. 9.) In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court then clarified in *Blakely v. Washington*, 542 U.S. 296 (2004), that "the

'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id.* at 303 (emphasis in original).

According to New York's persistent felony offender statute, "[w]hen the court has found, pursuant to the provisions of the criminal procedure law, that a person is a persistent felony offender, and when it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest, the court . . . may impose the sentence of imprisonment authorized by that section for a class A-I felony."[2] N.Y. Penal Law §70.10(2). To do so, the court must first find beyond a reasonable doubt that defendant has two or more felonies and, then, the court looks to the nature and circumstances of his or her criminal conduct under a preponderance of the evidence standard. N.Y. Crim. Proc. Law § 400.20. The court is required by law to set out its reasons in the record. N.Y. Penal Law §70.10(2).

The New York Court of Appeals addressed the constitutionality of the persistent felony offender statute in *People v. Rosen*, 96 N.Y.2d 329 (2001). In *Rosen*, the New York Court of Appeals construed the statute to require that that the court "first conclude that defendant had previously been convicted of two or more felonies" before it is permitted to review the defendant's history and character. 96 N.Y.2d at 334-35. *Rosen* concluded that "[i]t is clear from the foregoing statutory framework that the prior felony convictions are the sole determinate of whether a defendant is subject to enhanced sentencing as a persistent felony offender." *Id.* Because the prior felonies are the "sole determinate" of the enhanced sentence, the persistent felony offender statute does not violate *Apprendi*. *Id.* at 335. Four years later in *People v.*

---

[2] A sentence for a class A-I felony ranges from 15 years to life to 25 years to life. N.Y. Penal Law §70.00(3)(a)(i).

*Rivera*, 5 N.Y.3d 61 (2005), the New York Court of Appeals re-visited the issue, in light of *Blakely*. Reiterating the statutory interpretation set forth in *Rosen*, the New York Court of Appeals held in *Rivera* that the "sole determinate" of whether a defendant is subject to the persistent felony offender statute is the defendant's prior convictions and, therefore, the statute is still constitutional after *Blakely*. *Rivera*, 5 N.Y.3d at 66.

Federal habeas courts are not bound by the state's interpretation of federal law but are bound by the state's construction of its own law. *Portalatin v. Graham*, 624 F.3d 69, 84 (2d Cir. 2010). The "core principal" in deciding whether a sentencing scheme violates a defendant's Sixth Amendment rights is whether judicial factfinding "results in a sentence in excess of the *Apprendi* maximum for a given offense." *Id.* at 88. "The *Apprendi* maximum . . . is the apogee of potential sentences that are authorized based on factual predicates obtained in compliance with the Sixth Amendment: those found by the jury, those admitted by the defendant, and findings of recidivism." *Id.*

As the Court of Appeals for the Second Circuit recognized in *Portalatin*, the New York Court of Appeals construed the persistent felony offender statute such that only the prior felonies, and not any judicial factfinding, are factual predicates to the imposition of a class A-1 sentence. *Id.* at 89. Whether the Court "agrees or disagrees with the New York Court of Appeals' construction of New York law is of no moment. As the Supreme Court has long held, 'state courts are the ultimate expositors of state law.'" *Id.* (*quoting Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)). Although *Portalatin* noted that it was bound only by the New York Court of Appeals' construction of the statute, not its determination regarding the statutes constitutionality, *Portalatin* found that *Rivera* was not "merely a characterization" of the statute but rather "an exposition of its terms." *Portalatin*, 624 F.3d at 89. Accordingly, *Portalatin* held that "because

the New York Court of Appeals has interpreted step two of the [persistent felony offender] sentencing scheme as a procedural requirement that informs only the sentencing court's discretion, the New York courts were not unreasonable to conclude that this consideration is unlike the factfinding requirements invalidated in *Blakely* and *Cunningham*."[3] *Id.* at 91.

Thus, the Second Circuit decision in *Portalatin* determined that the New York persistent felony offender statute does not violate a defendant's rights under *Apprendi*. In addition, at Petitioner's sentencing, the trial court applied the persistent felony offender statute consistently with the construction set forth by the New York Court of Appeals in *Rosen* and *Rivera*. The trial court first determined that Petitioner was a persistent felony offender based on his prior felonies. (Sentencing Hearing at 6.) Then, the trial court considered various other factors, including the testimony of Petitioner's sister and his prior misdemeanors, in deciding to impose a sentence as a persistent felony offender, stating its reasons on the record. *Id.* at 7-13. The state court was not unreasonable in affirming Petitioner's sentence under the persistent felony offender statute. The petition is therefore denied.[4]

---

[3] In *Cunningham v. California*, the Supreme Court struck down California's determinate sentencing law because the law allowed for judicial factfinding that could result in a sentence above the *Apprendi* maximum. 549 U.S. 270, 293 (2007).

[4] In an October 19, 2011 letter to the Court, Petitioner argues that, despite the Second Circuit's decision in *Portalatin*, this Court should find the persistent felony offender statute violated Petitioner's rights under *Apprendi*. Petitioner claims that such a conclusion would be proper because the Supreme Court has never address the constitutionality of the New York statute, and the Connecticut Supreme Court has found a virtually identical persistent offender statute unconstitutional. (Pet'r 10/19/11 Letter at 1.) Although the Court recognizes that this issue has been hotly disputed in recent years, and was undecided at the time this petition was filed, the Second Circuit decided the question in *Portalatin* and that decision is binding on this Court.

### III. Conclusion

For the foregoing reasons, the petition for habeas corpus is denied and the Court will not issue a certificate of appealability.

SO ORDERED.

Dated: April 9, 2012
       Brooklyn, NY

                                                      _____s/MKB_____
                                                Margo K. Brodie
                                                United States District Judge